1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARP,<br><br>                           Plaintiff,<br><br><br><br>   v.<br><br><br><br>ISLANDS RESTAURANT –<br>CARLSBAD, the d/b/a/ for ISLANDS<br>XIII, LLC, et al.,<br><br>                       Defendants. | CASE NO: 11-CV-427 W (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUMMARY-JUDGMENT MOTION [DOC. 53];**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' SUMMARY-JUDGMENT MOTION [DOCS. 55], AND**<br><br>**(3) REQUIRING FURTHER BRIEFING** |

Pending before the Court are the parties' cross-motions for summary judgment under Federal Rule of Civil Procedure 56. The Court decides the matters on the papers and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's summary-judgment motion [Doc. 53], **GRANTS IN PART** and **DENIES IN PART** Defendants' summary-judgment motion [Docs. 55], and **ORDERS** further briefing.

## I.   BACKGROUND

Plaintiff Dennis Sharp is unable to independently stand or walk due to neurological injuries and, as a result, requires a wheelchair for mobility. (*First Amended Compl.* ("FAC") [Doc. 3], ¶ 3.) Defendant Ray and Barbara Winter Trust is the owner and lessor of Defendant Islands Restaurant-Carlsbad, and Defendants Islands Restaurant-Carlsbad, the d/b/a for Islands XIII, LLC and Islands Restaurant LLP are the operators/lessees of the restaurant. (*Defs.' RSS* [Doc. 68-1], Nos. 2, 3.)

On February 17, 2011, Sharp and his wife Joanne visited Defendant Islands Restaurant – Carlsbad (the "Restaurant"), where he allegedly encountered various barriers that denied Sharp "full and equal access to and enjoyment" of the premises. (*FAC*, ¶¶ 9–13.) Several weeks later, Sharp filed this lawsuit against Defendants alleging violations of the Americans with Disabilities Act (the "ADA"), and California's Health and Safety Code, Unruh Civil Rights Act, and Disabled Persons Act. On March 18, 2011, Sharp amended the complaint.

The parties have now filed cross-motions for summary judgment. Although several arguments are raised in each motion, the essence of the present dispute concerns the validity and potential mootness of Sharp's ADA claims. Sharp contends that the alleged barriers listed in his motion are violations of the ADAAG, CBC, or both; that those violations prevent his full and equal access to the Restaurant; and that such violations will deter him from returning to the Restaurant until all alleged barriers have been removed.

Defendants counter that under <u>Oliver v. Ralphs Grocery Co.</u>, 654 F.3d 903 (9th Cir. 2011), only barriers alleged in the FAC are relevant, and Sharp cannot pursue claims for barriers identified in his subsequently filed Early Neutral Evaluations ("ENE") statements or expert's report. Defendants also contend that all ADA violations alleged in the FAC are either not violations or are moot. Finally, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Sharp's state-law claims.

II.    LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case, or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

On the other hand, if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein."  Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001).  Thus, the court is not obligated "to scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co. of Am., 55 F.3d 247, 251 (7th Cir. 1995)).  When conducting this analysis, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment."  Anderson, 477 U.S. at 255.

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its merits."  Fair Hous. Council of Riverside Cnty, Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotes and citations omitted).  Thus, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Id. (quoting Wright, et al., Federal Practice and Procedure § 2720, at 335-36 (3d ed. 1998)).  If, however, the cross-motions are before the court at the same time, the court is obliged to consider the evidence proffered by both sets of motions before ruling on either one.  Id. at 1134.

## III.   DISCUSSION

### A.   Oliver does not change the pleading standard for ADA plaintiffs alleging barriers.

Sharp previously sought leave to file a second amended complaint in order to add barriers that were identified in his ENE statements or expert's report, but not in the FAC.  In that motion, Sharp argued leave to amend was necessary because Oliver created a new pleading standard for ADA plaintiffs, requiring them to identify every

barrier in the complaint.  Defendants opposed the motion, arguing that <u>Oliver</u> did not create a new pleading standard because plaintiffs were already required to provide a detailed list of the ADA violations in the complaint.

Before Sharp's motion to amend was fully briefed, the parties filed the pending cross-motions for summary judgment, which reiterated the parties' conflicting views on <u>Oliver</u>.[1]  Because the parties have again raised <u>Oliver</u> in the pending motions, the Court must address the effect of that decision on ADA pleading standards.

Before <u>Oliver</u>, the Ninth Circuit addressed pleading standards in ADA cases in <u>Skaff v. Meridien North America Beverly Hills, LLC</u>, 506 F.3d 832 (9th Cir. 2007).  There, plaintiff was a wheelchair-bound paraplegic who sued the defendant hotel for violations of the ADA after the hotel initially did not provide him with a room equipped with a roll-in shower and wall-hung shower chair.  <u>Id.</u> at 835-36.  In addition "[plaintiff's] complaint alleged more generally that during the course of his stay at the Hotel, Plaintiff encountered numerous other barriers to disabled access, including path of travel, guestroom, bathroom, telephone, elevator, and signage barriers to access, all in violation of federal and state law and regulation."  <u>Id.</u> at 836 (internal quotations omitted).  The complaint also stated that "[u]ntil Defendants make the Hotel and its facilities accessible to and useable by Plaintiff, he is deterred from returning to the Hotel and its facilities."  <u>Id.</u> (internal quotations omitted).

In the context of reversing the district court's denial of plaintiff's motion for attorneys' fees and costs, the Ninth Circuit unequivocally held that, apart from the alleged inaccessible showers, the generally pled accessibility barriers in the complaint were sufficient to give plaintiff standing to pursue his case against the defendant hotel.  <u>Id.</u>, 506 F.3d at 840.  In explaining its holding, the court referenced the "minimal hurdle of notice imposed by Rule 8," and specifically stated that:

---

[1]  The Court ultimately denied Sharp's motion for leave to amend based on his failure to demonstrate good cause.  (*See Order Deny Mt. to Amend* [Doc. 82].)

11cv427w

1
2
3
4

> As a matter of law, the [generally pled] allegations in paragraph 14 that Skaff encountered barriers to access, and the allegation in paragraph 17 that Skaff was deterred by accessibility barriers from visiting [the hotel], gave [the hotel] notice of the injury Skaff suffered and, at the pleading stage, established Skaff's standing to sue for violations of the ADA.

5  Id. at 841.

6    The court elaborated further, explaining that the "purpose of a complaint under
7  Rule 8 [is] to give the defendant fair notice of the factual basis of the claim" and that
8  "[s]pecific facts are *not necessary*." Id. (quoting Erikson v. Pardus, 551 U.S. 89, 93
9  (2007)) (internal quotations omitted) (emphasis added). The court explicitly rejected
10 the defendant hotel's insinuation that a heightened-pleading standard be imposed on
11 ADA plaintiffs, noting that "the Supreme Court has repeatedly instructed us not to
12 impose such heightened standards in the absence of an explicit requirement in a statute
13 or federal rule." Id. (citing Swierkiewicz v. Sorema, 534 U.S. 506, 515 (2002)).
14 Additionally, the Ninth Circuit determined that "concerns about specificity in a
15 complaint are normally handled by the array of discovery devices available to a
16 defendant." The court ultimately placed the onus on the hotel because the hotel did
17 not make use of such devices to address details about the plaintiff's generally pled
18 allegations. Id. at 842.

19    In Oliver, 654 F.3d 903, the Ninth Circuit again addressed the issue of pleading
20 ADA barriers in a complaint, this time in the context of evaluating a summary-
21 judgment ruling. In that case, a wheelchair-bound plaintiff sued a grocery store alleging
22 eighteen architectural barriers existing on defendant's premises in violation of the
23 ADA. Id., at 906. Unlike the more general barrier allegations in Skaff, the Oliver
24 plaintiff's allegations identified the following specific barriers:

25
26
27
28

- • tow away signage provided at the facility is incorrect;
- • signage in the van accessible stall is incorrect;
- • no stop sign painted on pavement where accessible route crosses vehicular way;
- • no detectable warnings where accessible route crosses the vehicular way;
- • pay-point machine mounted too high and out of reach;

- no directional signage leading to the accessible restrooms;
- signage at the men's restroom's entrance door is incorrect;
- door into the men's restroom requires too much force to operate and does not completely close;
- stall door is not self closing;
- handle and lock on stall door requires pinching and twisting to operate;
- side grab bar is mounted more than 12 inches from the back wall;
- side grab bar does not extend 24 inches beyond the toilet tissue dispenser;
- toilet tissue dispenser protrudes into the clear floor space needed at the water closet;
- trash receptacle protrudes into clear floor space needed at water closet;
- pipes underneath the lavatory are not wrapped to prevent burns;
- handles to operate the lavatory controls require twisting and grasping;
- soap dispenser's operable part is mounted more than 40 inches from floor;
- operable part of the hand dryer mounted more than 40 inches from floor.

Id. at 905, n. 5.

After the scheduling deadline for motions to amend the complaint had passed, the plaintiff filed motions to amend the scheduling order and complaint. Id., at 906. The motions were denied because plaintiff was unable to show good cause under Rule 16(b). Id. Four months later, plaintiff provided the defendant with his expert report, which added detail regarding some of the barriers already identified in plaintiff's complaint, but also "added several additional barriers that had not been listed in the complaint." Id. The parties then filed cross-motions for summary judgment. The district court granted summary judgment to the grocery store and explained that "it would not consider the barriers listed in Oliver's expert report because they were not properly before the court." Id.

On appeal, the Ninth Circuit affirmed the district court's ruling. In citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), the court again recognized the applicability of Rule 8's notice pleading standard to claims alleging barriers. Id., at 908. The court explained that "in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint" and that "only disclosures of barriers in a properly pleaded complaint can provide such notice." Id. at 908-09. However, nowhere did the court address the specificity with which barriers

must be alleged in the complaint.  Rather, the court generally stated that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself [and] a defendant is not deemed to have fair notice of barriers elsewhere identified." Id. at 909.

Contrary to the parties' arguments, Skaff and Oliver are compatible because each dealt with very different pleading approaches by the plaintiffs.  While the Skaff plaintiff pled the alleged accessibility barriers very generally, the Oliver plaintiff pled a detailed, comprehensive list of barriers.  For example, in Skaff, plaintiff pled simply that barriers existed in the bedroom, which the Ninth Circuit found sufficient under Rule 8.  Important to this pleading approach is that it notifies defendant that discovery is needed to determine the exact barriers in the bedroom.  In this way, ADA cases are no different than other cases where discovery is needed to determine all of plaintiff's theories supporting the causes of action pled in the complaint.

On the other hand, the Oliver plaintiff's approach left little doubt about what was wrong with the facility.  For example, plaintiff alleged that the operable part of the hand dryer was improperly mounted more than 40 inches from the floor.  This level of specificity necessarily precludes a plaintiff from later alleging another defect with respect to the hand dryer.

Here, Sharp's barrier allegations fall somewhere between Skaff and Oliver.  Many of the allegations are somewhat general, requiring Defendants to use discovery to determine all of the alleged violations.  However, the violations are not nearly as general as those pled in Skaff, thereby limiting the scope or type of violations Sharp may pursue given that his motion for leave to amend was denied.

**B.     Sharp's Summary-Judgment Motion**

      **1.     Sharp is a qualified person with a disability.**

Sharp seeks summary adjudication of his status as a qualified person with a disability.

The Code of Federal Regulations defines a disability as a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 28 C.F.R. § 36.104. Sharp contends that he satisfies this standard because he is unable to independently walk or stand as a result of neurological injuries and requires the use of a wheelchair for mobility. (*Pl.'s P&A* [Doc. 53-1], p.4.)

Defendants do not address this issue in their memorandum of points and authorities. (*See Defs.' Opp'n* [Doc. 68].) However, in their opposing separate statement of material facts, Defendants appear to dispute that Sharp cannot independently walk or stand. (*See Defs.' RSS* [Doc. 68-1], No. 1.) Defendants' argument it ridiculous.

In support of their dispute that Sharp cannot independently stand or walk as a result of neurological injuries, Defendants cite Sharp's deposition testimony during which he admitted that he could stand with parallel bars, and within the past six months was able to walk approximately 22 feet with the aid of a walker. (*See Defs.' RSS* [Doc. 68-1], No. 1., citing *Chilleen Dec.* [Doc. 68-2], Ex. A at p. 4.) The Court is at a complete loss as to how this testimony supports Defendants' contention that he can stand and / or walk *independently*. The only inference that could reasonably be drawn is that in order to stand or walk, Sharp requires the aid of the parallel bars or a walker. Thus, Sharp is entitled to summary adjudication on this issue.

## 2. The Restaurant is a place of public accommodation, and the other Defendants are owners and lessors or operators/lessees.

Sharp next seeks to establish that (1) the Restaurant is a place of public accommodation, (2) Defendant Ray and Barbara Winter Trust is the owner and lessor of the Restaurant, and (3) Defendants Islands Restaurant - Carlsbad, the d/b/a for Islands XIII, LLC and Islands Restaurant LLP are the operators/lessees of the Restaurant. (*Pl.'s P&A* [53-1], p. 4; *Plt.'s SSMF* [53-2], Nos. 2, 3.) Defendants' do not dispute that the Restaurant is a place of public accommodation, and in their separate

1    statement concede that Defendants are the owner and lessor or operators/lessees of the

2    Restaurant. (*Defs.' RSS* [Doc. 68-1], Nos. 2, 3.) Accordingly, Sharp is entitled to

3    summary adjudication on these issues.

4

5            **3.    Take-out counter.**

6            Sharp seeks summary adjudication that the take-out counter is too high in

7    violation of the CBC. (*Pl.'s MSJ* [Doc. 53-1], 12:9.) ) In support of this claim, Sharp

8    relies on a report prepared by Peter Margen, Sharp's expert witness. (*See Pl's SSMF*

9    [Doc. 53-2], No. 34.) Margen states that he prepared the report after inspecting the

10   Restaurant.[2] (*Margen Dec.* [Doc. 53-5], ¶¶ 7—10.) According to the report, the "take-

11   out counter (with register) is 36" AFF." (*Id.*, Ex. 2 at p. 11, item no. 3.8.) According

12   to Margen, the CBC requires tops of tables and counters to be 28 to 34 inches AFF.

13   (*Id.*, citing CBC § 1122B.4.)

14           Defendants do not respond to this issue in their opposing points and authorities.

15   Instead, they direct the Court to the points and authorities in support of their motion.

16   (*Defs.' Opp'n.* [Doc. 68] 6:23–7:4.) But Defendants' moving points and authorities does

17   not address this issue. (*See Defs.' MSJ* [Doc. 55-1], 6:1–8:26.)

18           However, in their separate statement, Defendants "dispute" that the take-out

19   counter is too high. (*Defs.' RSS* [Doc. 68-1], No. 34.) In support of this dispute,

20   Defendants again refer the Court to the declaration of Lewis Jackson filed in support

21   of their cross-motion for summary judgment. (*Id.*) There, Jackson states that the "cash

22   register counter is accessible." (*Jackson Dec.* [Doc. 55-4], ¶ 9.) This statement is

23   insufficient to create a dispute for two reasons.

24           First, the statement that the "cash register" counter is "accessible" within the

25   meaning of the ADA is a legal conclusion and thus inadmissible. Second, Sharp seeks

26   summary adjudication about the take-out counter, not the cash-register counter. And

27   _____

28           [2] Defendants' objection to the report is overruled. (*See Def.'s Obj. to Margen* [Doc. 68-
     6], No. 3.)

1   nowhere do Defendants suggest that the cash-register and take-out counters are the

2   same.  Sharp is, therefore, entitled to summary adjudication on this issue.

3

4               **4.      No accessible seating in dining and bar area.**

5               Sharp seeks summary adjudication on the following barriers that he contends are

6   violations of ADAAG and CBC: no accessible seating in the dining; no accessible

7   seating in the bar area; insufficient knee clearance at the table in bar area.  (*Pl.'s MSJ*

8   [Doc. 53-1], 12:10–15; *Pl.'s SSMF* [Doc. 53-2], Nos. 35, 36, 37.)  In support of this

9   claim, Sharp relies on Margen's report.  (*Id.*)  The report explains that there is no

10  accessible seating because "[a]ll of the dining seating is fixed seating without the

11  required clear space underneath."  (*Margen Dec.* [Doc. 53-5], Ex. 2 at p. 12, item no.

12  3.9.)  With respect to seating in the bar area, the report states that the two adjustable

13  height tables have insufficient knee space underneath.  (*Id.*, Ex. 2 at p. 13, item no.

14  3.11.)

15              Defendants do not respond to these issues in their opposing points and

16  authorities.  Instead, they direct the Court to the points and authorities filed in support

17  of their motion.  (*Defs.' Opp'n.* [Doc. 68] 6:23–7:4.)  There, Defendants contend that

18  there are at least 5 tables that are accessible, including 1 in the bar area.  (*Defs.' MSJ*

19  [Doc. 55-1], 6:24–26.)  In support of this claim, Defendants cite Jackson's declaration

20  filed in support of their motion.  (*See Defs.' RSS* [68-1], Nos. 35, 36.)  Jackson confirms

21  that there are 4 tables in the dining area and 1 in the bar area that measure at least 30

22  inches wide, at least 19 inches in knee depth, at least 27 inches in knee space/height,

23  and are between 28 and 34 inches tall.  (*Jackson Dec.* [Doc. 55-4], ¶ 6.)  Because

24  disputed issues of material fact exist, Sharp is not entitled to summary adjudication on

25  these issues.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

###### 5.    Bar area – inaccessible counter.

Sharp seeks summary adjudication of the following issue: bar area –inaccessible counter in violation of ADAAG and CBC. (*Pl.'s MSJ* [Doc. 53-1], 12:16–17.)   In support of this claim, Sharp relies on Margen's report, which states that the "auxillary counter" is inaccessible because there is only 31 inches of space behind the counter, and the counter does not allow patrons to view the multiple televisions and "someone sitting at the counter would have their back to the patrons and would be facing the wall." (*See Margen Dec.* [Doc. 53-5], Ex. 2 at pp. 13–14, item nos. 3.12, 3.13.)

Defendants do not respond to this issue in their opposing points and authorities. Instead, they direct the Court to the points and authorities in support of their motion.  (*Defs.' Opp'n.* [Doc. 68] 6:23–7:4.)  Defendants' moving points and authorities does not address this issue.  (*See Defs.' MSJ* [Doc. 55-1], 6:1–8:26.)

However, in their separate statement, Defendants "dispute" that the take-out counter is too high.  (*Defs.' RSS* [Doc. 68-1], No. 38.)   In support of this dispute, Defendants again refer the Court to the declaration of Lewis Jackson filed in their cross-motion for summary judgment.  (*Id.*)   There, Jackson states that the "cash register counter is accessible." (*Jackson Dec.* [Doc. 55-4], ¶ 9.)  This statement is insufficient to create a dispute for two reasons.

First, the statement that the "cash register" counter is "accessible" within the meaning of the ADA is a legal conclusion and thus inadmissible.  Second, Sharp seeks summary adjudication about the bar area counter, not the cash-register counter.  And nowhere do Defendants suggest that the cash-register and bar-area counters are the same.  Sharp is, therefore, entitled to summary adjudication on this issue.

###### 6.    Counter/table seating – no accessible route.

Sharp seeks summary adjudication that there is no accessible route to the accessible counter and table seating in violation of ADAAG and CBC. (*Pl.'s MSJ* [Doc. 53-1], 12:18–19.)  In support of this claim, Sharp relies on Margen's report, which

states that the "only accessible route . . . is through the kitchen/service area" and that the "width between the tables and bar counter and route to the 'accessible' counter" measures 29 inches or less.  (*See Margen Dec.* [Doc. 53-5], Ex. 2 at pp. 15–16, item nos. 3.14, 3.15.)

Defendants do not respond to this issue in their opposing points and authorities. Instead, they direct the Court to the points and authorities in support of their motion.  (*Defs.' Opp'n.* [Doc. 68] 6:23–7:4.)  There, Defendants contend that all accessible tables have sufficient aisle space.  (*See Defs.' MSJ* [Doc. 55-1], 8:20–22.)  In support of this contention, Defendants rely on Jackson's declaration filed in support of their summary-judgment motion.  (*Defs.' RSS* [Doc. 68-1], No. 39.)  According to Jackson, "[a]ll accessible tables are accessible by way of an access aisle that is at least 36 inches clear between parallel edges of tables or between a wall and the table edges." (*Jackson Dec.* [Doc. 55-4], ¶ 11.)  Because a dispute exists regarding the width of the route to the accessible tables, Sharp is not entitled to summary adjudication of this issue.

### 7.  <u>No accessible route through the Restaurant</u>.

Sharp seeks summary adjudication that there is no accessible route through the Restaurant because the aisle width is insufficient in violation of ADAAG and CBC. (*Pl.'s MSJ* [Doc. 41-1], 12:20–21.)  For the reasons stated in section B.6 above, disputed issues of fact exist regarding this issue and, therefore, Sharp is not entitled to summary adjudication on this issue.

### 8.  <u>Men's restroom door – excessive opening force</u>.

Sharp seeks summary adjudication that the men's restroom door requires excessive force to open in violation of ADAAG and CBC.  (*Pl.'s MSJ* [Doc. 41-1], 14:5–6.)  In support of this claim, Sharp relies on Margen's declaration, which states that the door requires 10 lbs. of force to open. (*Margen Dec.* [Doc. 53-5], Ex. 2 at p. 22, item no. 4.21.)  However, Defendant provides evidence that the door requires less than

1  5 lbs. of force. (*Jackson Dec.* [Doc. 55-4], ¶ 5.)  Because a dispute exists regarding the

2  amount of force required, Sharp is not entitled to summary adjudication on this issue.

3

4          **9.**    **Additional briefing on Sharp's remaining architectural barriers.**

5      Sharp's motion also seeks summary adjudication with respect to the following

6  barriers that allegedly violate the ADA and/or the CBC:

- parking access aisle – excessive slope;
- parking space – excessive cross slope;
- parking – width of space;
- no take-out accessible parking;
- no accessible route for public right of way to entrance;
- walk – excessive slope;
- curb ramp – excessive slope;
- curb ramp – excessive lip;
- curb ramp – drop off;
- curb ramp – obstructed top landing;
- south exit – drop off;
- primary entrance signage – ISA signs not provided;
- bench seating – exterior with no accessible seating;
- bench seating – vestibule with no accessible seating;
- vestibule door – requires excessive force;
- south side door strike side clearance – push side;
- south side door threshold – height;
- women's restroom geometric signage – height;
- women's door – requires excessive opening force;
- women's restroom lavatories – lack of required knee space;
- women's restroom lavatory – lack of insulation;
- women's restroom – trash can obstructs clear floor space;
- women's restroom path of travel to accessible toilet compartment – width;
- women's restroom accessible toilet compartment door – self-closing device;
- women's restroom accessible toilet compartment door – pull handle location;
- women's restroom accessible toilet side – opening compartment lack of required clear floor space;
- women's restroom accessible toilet – centerline;
- women's restroom accessible toilet – flush valve improperly mounted;
- women's restroom accessible toilet compartment grab bar – excessive gap at wall;

- women's restroom accessible toilet compartment toilet tissue dispenser – location from rear wall;
- women's restroom accessible toilet compartment baby changing table – handle;
- men's restroom obstruction in clear floor space;
- men's restroom geometric signage – height;
- men's restroom entry door – no bottom smooth surface;
- men's restroom lavatories – lack of required knee space;
- men's restroom lavatory – lack of insulation;
- men's restroom obstruction in clear floor space;
- men's restroom floor surface – excessive slope;
- men's restroom floor drain with change in level;
- men's restroom accessible toilet compartment door – no pull handle;
- men's restroom accessible toilet compartment side – opening compartment less than required clear floor space;
- men's restroom – accessible toilet compartment toilet – centered;
- men's restroom accessible toilet compartment toilet tissue dispenser – location from rear wall;
- men's restroom accessible toilet compartment baby changing table – handle.

(*Pl.'s MSJ* [Doc. 53-1], pp.11–14.)

In response to these issues, Defendants contend the claims are barred under Oliver. Accordingly, with respect to the above issues, the parties are ordered to provide supplemental briefing regarding whether the above violations are barred or fall within the scope of Sharp's FAC.

## C.   **Defendants' Summary-Judgment Motion**

### 1.   Parking spaces are properly signed.

Defendants move for summary adjudication with respect to Sharp's contention that the accessible parking spaces are not properly signed. (*Defs' MSJ* [Doc. 55-1], 6:4–11.) Defendants contend the parking spaces are properly signed. (*Id.*)

Sharp's opposing points and authorities does not respond to this issue. Nor does Sharp's Separate Statement of Genuine Issues ("SSGI") dispute that the spaces are properly signed. (*See Pl.'s SSGF* [Doc. 17-2], No. 1.) Instead, Sharp simply objects to Defendants' evidence "on the grounds of inadmissible expert testimony." (*Id.*)

11cv427w

Defendants' evidence consists, in part, of photographs demonstrating that the spaces are properly signed. (*Jackson Dec.* [Doc. 55-4], Ex. A, pp.A1–A4.) Sharp fails to explain how these photographs are inadmissible expert testimony, nor does the Court find such evidence constitutes inadmissible expert testimony. The objections is, therefore, overruled. Defendants' evidence that the parking spaces are properly signed is, therefore, undisputed.

Additionally, because Sharp bears the burden of proof at trial regarding this issue, he may not simply rely on his objection to Defendants' evidence. Instead, he must come forward with evidence demonstrating that the spaces are improperly signed. <u>Celotex</u>, 477 U.S. at 323–324 ("Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party to" provide evidence demonstrating a genuine issue for trial.). Because he has failed to do so, for this additional reason, Defendants are entitled to summary adjudication on this issue.

### 2. <u>Path of travel from sidewalk to Restaurant entry.</u>

Defendants move for summary adjudication on Sharp's claim that the path of travel from the sidewalk to the Restaurant entry is not accessible in violation of the ADA. (*Defs' MSJ* [Doc. 55-1], 6:13–17.) In support of this argument, Defendants rely on the declaration of Jackson, which states that the "path of travel from the sidewalk to the Restaurant entry is accessible. It complies with all ADAAG requirements." (*Jackson Dec.* [Doc. 55-4], ¶ 4.) Sharp objects on the ground that Jackson does not qualify as an expert. (*Pl.'s Obj. to Jackson Dec.* [Doc. 71-1], 2:4–18.) The Court agrees. Additionally, the statement that the path of travel is "accessible" within the meaning of the ADA is a legal conclusion. For these reasons, Defendants are not entitled to summary adjudication on this issue.

### 3.    Entry door & bathroom door pressure.

Defendants move for summary adjudication with respect to Sharp's contention that pressure for the entry door and bathroom door is excessive. (*Defs' MSJ* [Doc. 55-1], 6:19–22.)  For the reasons stated in section B.8 above, the Court finds Defendants are not entitled to summary adjudication regarding the door pressure for the men's restroom.

With respect to the entry door, Defendants contend that the pressure is less than 5lbs. (*Defs' MSJ* [Doc. 55-1], 6:21–22.)  Sharp's opposing points and authorities does not respond to this issue.  Nor does Sharp's Separate Statement of Genuine Issues dispute that the door pressure is excessive. (*See Pl.'s SSGF* [Doc. 17-2], No. 3.)  Instead, Sharp simply objects to Defendants' evidence "on the grounds of inadmissible expert testimony." (*Id.*)

Defendants' evidence consists, in part, of a photograph demonstrating that the pressure does not exceed 5 lbs. (*Jackson Dec.* [Doc. 55-4], Ex. A, pp. C1–C3.)  Sharp fails to explain how the photograph is inadmissible expert testimony, and the Court does not find the photograph constitutes inadmissible expert testimony.  The objection is, therefore, overruled.  Defendants evidence that the pressure for the entry door is less than 5 lbs. is, therefore, undisputed.

Additionally, because Sharp bears the burden of proof at trial regarding this issue, he may not simply rely on his objection to Defendants' evidence.  Instead, he must come forward with evidence demonstrating that the entry-door pressure is excessive. Celotex, 477 U.S. at 323–324 ("Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party to" provide evidence demonstrating a genuine issue for trial.).  Because he has failed to do so, for this additional reason, Defendants are entitled to summary adjudication regarding the entry door.

4.    <u>Accessible fixed seating in the bar and dining area.</u>

Defendants move for summary adjudication with respect to Sharp's contention that there is no accessible fixed seating in the bar and dining area. (*Defs' MSJ* [Doc. 55-1], 6:24–7:4.) For the reasons stated in section B.4 above, the Court finds disputed issues of fact exist and, therefore, Defendants are not entitled to summary adjudication on these issues.

5.    <u>Path of travel to restrooms.</u>

Defendants move for summary adjudication to the extent Sharp alleges a violation of the ADA because the path of travel to the restroom is blocked by easily removable objects, such as chairs. (*Defs' MSJ* [Doc. 55-1], 7:5–17.) Defendants contend that because the ADA only applies to architectural barriers" and not temporary or removable barriers, the claim lacks merit. (*Id.*, citing <u>Chapman v. Pier 1 Imports</u>, 2006 WL 1686511, *10 (E.D. Cal. 2006).) The Court agrees. Additionally, Sharp's opposing points and authorities does not deny that the claim is not cognizable under the ADA. Accordingly, Defendants are entitled to summary adjudication on Sharp's path of travel claim, to the extent it is based on easily removable items.

6.    <u>Hostess Station.</u>

Defendants move for summary adjudication for alleged ADA violations relating to the hostess station. (*Defs' MSJ* [Doc. 55-1], 7:18–21.) Defendants argue that because no transactions take place at the hostess counter, it is not required to be wheelchair accessible. (*Id.*)

Sharp's opposing points and authorities does not respond to this issue. Nor does Sharp's Separate Statement of Genuine Issues dispute that no transactions take place at the hostess station. (*See SSGF* [Doc. 17-2], No. 3.) Instead, Sharp simply objects to Defendants' evidence "on the grounds of inadmissible expert testimony." (*Id.*)

1    Defendants' evidence consists of Jackson stating that no transactions take place

2  at the hostess counter.  (*Jackson Dec.* [Doc. 55-4], ¶ 8.)  Sharp fails to explain how this

3  constitutes expert testimony, nor can the Court conceive of a reason why stating that

4  transactions do not take place at the hostess counter constitutes expert testimony.  The

5  objections is, therefore, overruled.

6    Additionally, because Sharp bears the burden of proof at trial regarding this issue,

7  he may not simply rely on his objection to Defendants' evidence.  Instead, he must

8  come forward with evidence demonstrating that transactions take place at the hostess

9  counter.  <u>Celotex</u>, 477 U.S. at 323–324 ("Where the nonmoving party will bear the

10  burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party

11  to" provide evidence demonstrating  a genuine issue for trial.).  Because he has failed

12  to do so, for this additional reason, Defendants are entitled to summary adjudication

13  on this issue.

14

15         **7.    <u>Cash register counter.</u>**

16    Defendants move for summary adjudication for alleged ADA violations relating

17  to the cash register counter.  (*Defs' MSJ* [Doc. 55-1], 7:22–24.)  Defendants argue that

18  the counter complies with the ADA.  (*Id.*)

19    Sharp concedes that the counter does not violate the ADA.  (*Pl's. Opp'n* [Doc.

20  71], 9:16–19.)  Accordingly, Defendants are entitled to summary adjudication on this

21  issue.

22

23         **8.    <u>Accessible aisles.</u>**

24    Defendants move for summary adjudication that the aisle space to accessible

25  tables is sufficient under the ADA.  (*Defs' MSJ* [Doc. 55-1], 8:20–22.)  For the reasons

26  stated in sections B.6 and B.7 above, the Court finds disputed issues of fact exist and,

27  therefore, Defendants are not entitled to summary adjudication on this issue.

28

1

### 9.   Policies.

Defendants move for summary adjudication for alleged ADA violations relating to Defendants' policies.  (*Defs' MSJ* [Doc. 55-1], 8:23–26.)  Defendants argue that summary adjudication is appropriate because they have "comprehensive disabled patron policies which comply with the ADA."  (*Defs.' MSJ* [Doc. 55-1], 8:24–26.)

Sharp's opposing points and authorities does not respond to this issue.  Nor does Sharp's Separate Statement of Genuine Issues dispute that they have comprehensive patron policies.  (*See SSGF* [Doc. 71-2], No. 3.)  Instead, Sharp simply objects to Defendants' evidence "on the grounds of inadmissible expert testimony."  (*Id.*)

Defendants' evidence consists of Jackson stating that Defendants have comprehensive disabled access policies, and he provides a copy of the Restaurant's policies.  (*Jackson Dec.* [Doc. 55-4], ¶ 12 and Ex. H.)  Sharp fails to explain how this constitutes expert testimony, nor can the Court conceive of a reason why stating that Defendants have policies and providing a copy of those policies constitutes expert testimony.  The objection is, therefore, overruled.

Additionally, because Sharp bears the burden of proof at trial regarding this issue, he may not simply rely on his objection to Defendants' evidence.  Instead, he must come forward with evidence demonstrating that the policies do not comply with the ADA.  Celotex, 477 U.S. at 323–324 ("Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party to" provide evidence demonstrating  a genuine issue for trial.).  Because he has failed to do so, for this additional reason, Defendants are entitled to summary adjudication on this issue.[3]

//

//

---

[3] The Court has also reviewed Sharp's summary-judgment motion to determine if there, he points to any deficiencies in Defendants' policies that would support his ADA claim.  His motion does not raise any such issues.

1  **IV.   CONCLUSION AND ORDER**

2      For the reasons stated above, the Court **GRANTS IN-PART** and **DENIES IN-**

3  **PART** the parties' summary-judgment motions [Docs. 53, 55], as set forth above.

4  Additionally, in light of the discussion of <u>Oliver</u> in section III.A., the Court further

5  **ORDERS** as follows:

6      1.   On or before **October 19, 2012**, Defendants shall file a brief, not to

7           exceed 10 pages, that addresses whether the following issues are barred by

8           <u>Oliver</u>: (1) each of the barriers listed in section B.9, above, and (2) the

9           barriers identified by Sharp in opposition to Defendants' summary-

10          judgment motion regarding the "Men's Restroom" and "Women's

11          Restroom."

12     2.   On or before **November 2, 2012**, Sharp shall file a brief reply, that does

13          not exceed 10 pages, to Defendants' supplemental brief.  Sharp's reply

14          brief shall also address whether he has standing to pursue alleged barriers

15          in the women's restroom.

16     **IT IS SO ORDERED.**[4]

17

18  DATE: September 28, 2012

19                                          _____

20                                          Hon. Thomas J. Whelan

20                                          United States District Judge

21

22

23

24

25

---

26      [4]Defendants also argue that the Court should refuse to exercise supplemental

27  jurisdiction over Sharp's state-law claims.  This argument was premised on the Court granting

28  Defendants' summary-judgment motion with respect to all of the alleged ADA barrier

    violations.  Because many of the issues have survived Defendants' motion, the Court need not

    decide whether it should exercise supplemental jurisdiction.

11cv427w